OPINION
{¶ 1} This is an appeal from a final judgment and decree of divorce.
 {¶ 2} Lawrence and Nancy Hardy were married in 1957. Nancy[1] worked as a school teacher during the marriage and now has a retirement income from the State Teachers Retirement System (STRS). Lawrence worked for the Sunstrand Corporation for a number of years and later started his own consulting business, which he now operates. Lawrence has a retirement income from the Sunstrand Corporation.
 {¶ 3} Nancy filed for divorce in 2002. The matter was referred to a magistrate, who issued a decision dividing and distributing the couple's property, which the court adopted as its interim order. Both parties filed objections. The trial court sustained certain objections and overruled others, adopting the magistrate's decision as modified. Nancy filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 4} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT HELD THAT LAWRENCE WOULD BE ENTITLED TO HALF OF NANCY'S RETIREMENT BENEFITS."
 {¶ 5} Nancy's annual STRS retirement income is $28,726. She has no other income. Her public employees' pension is in lieu of a Social Security retirement benefit.
 {¶ 6} Lawrence receives an annual Social Security retirement benefit of $18,960. He also receives an annual retirement income of $2,773 from his service with the Sunstrand Corporation.
 {¶ 7} The magistrate divided Nancy's STRS income and Lawrence's Sunstrand Corporation income equally, awarding each one half of the amount the other receives from those sources. Each is entitled to receive $15,749.50. The award will result in a net annual transfer of $12,976.50 from Nancy to Lawrence. No account was taken of Lawrence's annual Social Security income of $18,960.
 {¶ 8} In objections to the magistrate's decision she filed on April 5, 2000, Nancy argued that the "decision to split Mrs. Hardy's pension while leaving Mr. Hardy's Social Security untouched is unreasonable in light of the circumstances. Mrs. Hardy, because of her participation in STRS, receives a pension in lieu of Social Security. If Mr. Hardy's Social Security is not divided between the parties, then why should Mrs. Hardy's income that she receives in lieu of Social Security be divided(?)"
 {¶ 9} Addressing Nancy's objection, the trial court held: "The court finds that a division of property order pursuant to Mont. D.R. Rule 4.25(B)[2] is appropriate. Pursuant to R.C. 3105.171 defendant (Lawrence) is eligible to participate in the retirement benefits of the plaintiff (Nancy). Social Security benefits are not divisible. Plaintiff's objection to the magistrate's decision is without merit and is overruled." (Decision and Judgment, Dec. 8, 2004, at pp. 12-13).
 {¶ 10} On appeal, Nancy concedes that Social Security benefits are not divisible as marital property. However, she argues that the trial court abused its discretion when it failed to apply the form of offset we approved in Harshbarger v. Harshbarger, 158 Ohio App.3d 121,2004-Ohio-3919.
 {¶ 11} In Harshbarger, the domestic relations court, confronted with a like set of facts, offset against the public employees' retirement benefit of one spouse the amount of a hypothetical Social Security retirement benefit she would have received had she been entitled to one. The court then divided the remaining net amount of the public employees' retirement benefit between the parties equally. We held that the court should have instead offset against the public employees' retirement benefit the amount of the Social Security retirement benefit the other spouse actually receives, and then divided the net balance of the public employees' retirement benefit equally between the parties.
 {¶ 12} The offset we approved in Harshbarger is justified by two considerations. First, as the domestic relations court observed, Social Security benefits are not divisible in a divorce action. Second, contributions made by public employees to government-run retirement systems are in lieu of contributions to the Social Security retirement system, yet accounts in public employees' retirement systems are divisible as marital property. Therefore, to achieve an equitable distribution of that form of asset, what one spouse receives in the form of Social Security retirement benefits attributable to contributions made during the marriage should be offset against the benefit the other spouse receives from a public employees' retirement system before the marital property portion of that asset is divided.
 {¶ 13} Nancy's particular objection was not that the magistrate should have applied a Harshbarger offset. However, the trial court's ruling rejected Nancy's unreasonableness contention, which complained of the discrepancy Harshbarger sought to avoid, finding that no relief is available because Social Security benefits are not divisible. That observation is correct, but it avoids the requirement of an equitable division of pension plans, Nancy's in this instance, mandated by R.C.3105.171(B). To accomplish that, the domestic relations court should consider the parties' Social Security benefits in relation to other retirement accounts that are divided. Neville v. Neville, 99 Ohio St.3d 75,2003-Ohio-3624.
 {¶ 14} The court also ordered Lawrence to pay Nancy $3,000 per month as spousal support. That amount was determined, at least in part, on the basis of their respective incomes after their retirement accounts are divided and in recognition of Lawrence's additional income from Social Security. The "bottom line" result may not be substantially different from one produced by a Harshbarger offset, but achieving the result through an offset is preferable, for two reasons. First, the greater benefit Nancy receives is not contingent on Lawrence's continued ability to pay, as spousal support is. Second, R.C. 3109.171 and R.C. 3109.18
mandate a full and equitable division of property before spousal support is awarded. Therefore, results that may be achieved through an equitable division of marital property should not, instead, be the purpose of spousal support provisions. To do so is also contrary to the rule favoring a thorough and complete division of the parties' joint property interests. Hoyt v. Hoyt (1990), 53 Ohio St.3d 177.
 {¶ 15} We find that the trial court abused its discretion when it overruled Nancy's objection without consideration of a Harshbarger offset of Lawrence's Social Security retirement benefit before dividing the balance of Nancy's STRS pension benefit as marital property. The court was not required to treat Lawrence's Sunstrand Corporation private retirement benefit in a like way; it is the public employee retirant's ineligibility for Social Security that justifies an offset of Social Security retirement the other spouse receives. However, because spousal support is determined only after property is divided, R.C. 3105.171(C)(3),3105.18(B), upon remand the court may modify Lawrence's $3,000 monthly spousal support obligation, which was determined, at least in part, from the incomes the parties each receive. The court "retained jurisdiction" to modify its spousal support order.
 {¶ 16} The first assignment of error is sustained.
THE SECOND ASSIGNMENT OF ERROR
 {¶ 17} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT HELD THAT LAWRENCE SHOULD NOT BE REQUIRED TO PAY ONE HALF OF NANCY'S MEMBERSHIP FEES TO THE MORAINE COUNTRY CLUB AND THE RACQUET CLUB."
 {¶ 18} Lawrence is a member of the Dayton Racquet Club, and has been since his employer purchased a membership for him in 1972. At some later time, during the marriage, Lawrence purchased his own lifetime membership.
 {¶ 19} Lawrence and Nancy are members of the Moraine County Club. Their joint membership was purchased from marital funds. The club's rules provide that after a divorce the membership of a married couple may be held by only one of the former spouses.
 {¶ 20} The magistrate's decision awarded Lawrence the Moraine Country Club membership, and ordered him to pay Nancy one half the costs of purchasing the memberships for both the Moraine Country Club and the Dayton Racquet Club. Lawrence objected. The domestic relations court sustained the objection. The court held that no compensation is due Nancy, basing its ruling on our decision in Tinney v. Tinney (March 12, 2004), Montgomery App. No. 19906.
 {¶ 21} In Tinney, we held that a former husband who was awarded joint club memberships was not required to pay the former wife the value of those memberships. Though we observed that the former wife retained assets sufficient to acquire her own memberships, the basis of our holding was that the memberships had been purchased by the former husband's business, the value of which the court had divided equally between the parties. Thus, the party who was no longer a member was compensated for her share of the value of the memberships that were awarded to the other party.
 {¶ 22} Subsequently, in Maloney v. Maloney, 160 Ohio App.3d 209,2005-Ohio-1368, we held that a former spouse who was awarded a joint club membership that had been purchased with marital funds must compensate the other former spouse for one-half the cost of purchasing the membership that was paid from marital funds. In that case, there was no evidence that the membership had been purchased by a business, and no business asset to which the membership applied was otherwise divided.
 {¶ 23} In applying Tinney to these facts, the domestic relations court relied on our observation therein concerning the former wife's ability to purchase her own membership. We intended that to apply more to the equity of awarding the membership to the former husband, not to division of its economic value. The facts of the present case make it subject instead to the rule we applied in Maloney. Marital funds were used to purchase the membership in the Moraine Country Club Lawrence was awarded and the Dayton Racquet Club life membership he retained. Therefore, he should be required to compensate Nancy for her share of the amounts that were paid for those memberships, which are marital in nature. The same does not apply to monthly or other dues or assessments paid to maintain the memberships, because those do not represent an interest which either spouse currently owns and which the court must divide as marital property.
 {¶ 24} The second assignment of error is sustained.
THIRD ASSIGNMENT OF ERROR
 {¶ 25} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT REFUSED TO HOLD LAWRENCE ENTIRELY RESPONSIBLE FOR A TAX LIABILITY OF $54,000 THAT WAS INCURRED BECAUSE HE WITHDREW FUNDS FROM A RETIREMENT WITHOUT NANCY'S KNOWLEDGE."
 {¶ 26} Lawrence withdrew funds from an IRA account which he used to pay off a second mortgage loan on the marital residence. The withdrawal produced a $54,000 additional tax liability. Lawrence borrowed funds to pay the liability, creating a debt that the trial court apportioned equally between the parties.
 {¶ 27} Nancy argues that the trial court abused its discretion when it apportioned the debt arising from the tax obligation as it did. She contends that the debt should be borne by Lawrence alone, for two reasons. First, because he withdrew the funds without her knowledge or consent. Second, because the second mortgage could have been paid off using funds realized from the sale of the property the court ordered, avoiding the tax liability the withdrawal created, Lawrence's act constitutes a dissipation of marital assets and, therefore, financial misconduct which permits the court to compensate Nancy as the "offended spouse." R.C. 3105.171(E)(3).
 {¶ 28} The marital residence was a marital asset and the court divided its value equally between the parties. Nancy was therefore equally benefitted by the release of the encumbrance the second mortgage represented. Although Lawrence acted unilaterally, his withdrawal did not work a result adverse to Nancy's interests and favoring his own. That an alternative course more advantageous to both could have been followed doesn't necessarily portray a dissipation of assets for which an adjustment is required.
 {¶ 29} At oral argument of the appeal, Nancy's attorney contended that Lawrence had used the loan proceeds for his own purposes, to benefit his "girlfriend," and had forged Nancy's name to loan documents. These contentions were not made in her brief, which App.R. 16(A)(7) requires. Neither has Nancy cited portions of the record demonstrating these new contentions, as App.R. 16(A)(3) requires. Therefore, these contentions are not properly before us.
 {¶ 30} The third assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
 {¶ 31} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT DETERMINED THAT LAWRENCE'S BUSINESS HAD NO COMMERCIAL VALUE."
 {¶ 32} The trial court declined to divide the value of Lawrence's consulting business, finding that it "has no tangible assets and that there is no appreciable business assets to be divided and . . . that the value of same is zero." (Decree, p. 2).
 {¶ 33} The parties both offered expert opinion evidence concerning the value of the consulting business. Nancy's expert opined that the business is worth $140,000, using past revenues and a multiplier factor to arrive at projected future revenues on which her opinion was based. Lawrence's expert valued the business on the basis of its capital assets, as well as goodwill and future potential, and opined that the value of the business is only nominal.
 {¶ 34} The magistrate found that the valuation provided in the opinion of Lawrence's expert was more reliable. Nancy objected. The trial court overruled the objection, stating:
 {¶ 35} "The court finds that defendant's business, L.R. Hardy 
Associates, has little or no market value. The business is effectively a consulting business providing personal service to various defense contractors. The business' only product is the personal service provided by Mr. Hardy. There are no capital assets in the business; he has no client base; and he has no individual contracts with any firm that could be sold. There are no appreciable business assets to be divided." (Decision and Judgment, December 8, 2004, p. 12-13.)
 {¶ 36} Lawrence's consulting business is marital property, to the extent that it represents an "interest" Lawrence has that he acquired during the marriage. R.C. 3105.171(A)(3)(a)(ii). Like a professional practice, its value when the marriage terminates may be determined in relation to anticipated future revenues. See Barone v. Barone, (Sept. 1, 2001), Lucas App. NO. L-98-1328. However, that depends on the particular facts, including the nature of the activity as well as the owner/spouse's expected capacity to generate revenues. Those are questions of fact for the trial court to determine.
 {¶ 37} Lawrence was sixty-nine years of age at the time of the divorce. The future revenues of his consulting business are limited by his age and the nature of the business. The trial court could, in its discretion, find that evidence on which Nancy's expert relied is too tenuous to support a finding of any particular value, and instead adopt the valuation offered by Lawrence's expert. We find no abuse of discretion.
 {¶ 38} The fourth assignment of error is overruled.
 Conclusion {¶ 39} Having sustained the first and second assignments of error, we will reverse the decree of divorce, in part, and remand the case for further proceedings on the questions of law and fact which those assignments of error involve.
Brogan, P.J. And Wolff, J., concur.
[1] For clarity and convenience, the parties will be referred to by their first names.
[2] The local rule provides that division of Ohio public pensions "shall conform with the requirements of each agency's administrative rules."