OPINION
{¶ 1} Douglas J. Fenstermaker appeals from the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division. Douglas challenges the trial court's determination as to the value of four companies owned (or partially owned) by him; and the trial court's determination that certain assets were marital property. We affirm.
 {¶ 2} Douglas and appellee, Amy G. Fenstermaker, were married August 13, 1977. They had three children, two of whom were emancipated at the time of the final divorce decree. The third child was in her senior year of high school.
 {¶ 3} Douglas moved out of the marital residence on September 9, 2001; he filed the instant action October 3, 2001. Amy responded. The matter proceeded to trial.
 {¶ 4} The primary issue at trial was the value of four businesses Douglas was involved in: (1) King Collision Center, Inc. ("KCC"); (2) DF Management and Properties, Inc., ("DF"); (3) King Collision, LLC, ("King LLC"); and (4) Swing Management, LLC, ("Swing"). Douglas was the sole owner of KCC and DF. He was a fifty percent owner of King LLC and Swing. Also at issue was whether a condominium purchased by Douglas after he moved out of the marital residence, and the furnishings in the condominium were marital property subject to division.
 {¶ 5} Each party presented the testimony of an expert business valuator at trial. Douglas's expert, John Davis ("Davis"), testified Douglas's interest in the businesses had the following values: (1) KCC, $245,000; (2) DF, $399,008; (3) King LLC, $0; and (4) Swing, $0. Amy's expert, John Stark ("Stark") valued Douglas's interest in the businesses as follows: (1) KCC, $421,907; (2) DF $806,106; (3) $780,335; and (4) Swing, $152,339. The trial court accepted Stark's values.
 {¶ 6} The trial court also determined the equity in the condominium Douglas purchased was a marital asset.
 {¶ 7} At trial, Douglas presented evidence in an attempt to establish that his mother had purchased personal property for the condominium as a gift for him. The trial court rejected this evidence and found these disputed items were marital property.
 {¶ 8} Douglas filed a timely appeal from the trial court's judgment, raising three assignments of error:
 {¶ 9} "[1.] The trial court erred to the prejudice of [a]ppellant in making valuation of business entities in which [a]ppellant had an interest where those valuations were not supported by competent, credible evidence."
 {¶ 10} "[2.] The trial court erred to the prejudice of [a]ppellant, Douglas Fenstermaker, in finding that a condominium in which [a]ppellant resided was marital property rather than the separate property of [a]ppellant."
 {¶ 11} "[3.] The trial court erred to the prejudice of [a]ppellant, Douglas Fenstermaker, in finding that personal property contained in the condominium in which [a]ppellant resided was marital property rather than separate property of [a]ppellant."
 {¶ 12} In his first assignment of error, Douglas contends the trial court's judgment as to the value of his interest in the four businesses was against the manifest weight of the evidence.
 {¶ 13} We will not reverse a judgment if some competent, credible evidence going to all the essential elements of the case supports it.C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. We presume the findings of the trier of fact are correct, as the trier of fact is best able to observe the witnesses and use those observations to weigh the credibility of the testimony. Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 81. See, also, Harshbarger v.Harshbarger, 158 Ohio App.3d 121, 2004-Ohio-3919, ¶ 35.
 {¶ 14} We have reviewed the record and evidence presented to the trial court. While the parties' experts reached significantly different conclusions as to the value of Douglas's interest in the four businesses (particularly King LLC and Swing), we cannot say the trial court's judgment was against the manifest weight of the evidence.
 {¶ 15} The trial court found sound accounting and valuation principles supported Stark's opinions. Tellingly, the trial court also found, "Mr. Stark's valuations more closely comported with the Personal Financial Statement which Plaintiff-Husband prepared when applying for a bank loan * * *."
 {¶ 16} The difference between the opinions is explained by the methods used in the valuations. Contrary to Douglas's contention, we do not believe Stark's opinions were based on speculation. The experts simply made different adjustments and reached different conclusions as to the weight to give the information they were provided in doing their valuation. The trial court's judgment was not against the manifest weight of the evidence.
 {¶ 17} Douglas's first assignment of error is without merit.
 {¶ 18} In his second assignment of error, Douglas contends the trial court erred in determining the condominium he purchased was marital property. There is no question that Douglas purchased the condominium before the divorce was final; however, he argues the trial court should have used the date of separation as the de facto termination of marriage date because from that date forward the parties maintained separate residences and made no attempt to reconcile. If the trial court had done so, it could have properly found the condominium was separate property.
 {¶ 19} We review the trial court's judgment on this issue only for an abuse of discretion. Berish v. Berish (1982), 69 Ohio St.2d 318, 319.
 {¶ 20} Generally, marital property includes real and personal property or an interest in such property owned by one or both of the spouses that was "acquired by either or both of the spouses during the marriage."Earnest v. Earnest, 151 Ohio App.3d 682, 2003-Ohio-704 at ¶ 36, quoting R.C. 3105.171(A)(3)(a)(i) and (ii). We have also observed that "`[p]roperty acquired during the marriage is presumed to be marital unless it can be shown to be separate.'" Id. quoting Frederick v.Frederick (Mar. 31, 2000), 11th Dist. No. 98-P-0071, 2000 Ohio App. LEXIS 1458, 16.
 {¶ 21} "`During the marriage' means whichever of the following is applicable:
 {¶ 22} "(a) * * * the period of time from the date of the marriage through the date of the final hearing in an action for divorce or in an action for legal separation;
 {¶ 23} "(b) If the court determines that the use of either or both of the dates specified in division (A)(2)(a) of this section would be inequitable, the court may select dates that it considers equitable in determining marital property. If the court selects dates that it considers equitable in determining marital property, `during the marriage' means the period of time between those dates selected and specified by the court." R.C. 3105.171(A)(2)(a) and (b).
 {¶ 24} Here, we cannot say the trial court abused its discretion when it determined the condominium was a marital asset. Douglas purchased the condominium approximately one month after he separated from Amy. He also placed the condominium in DF's name and then failed to disclose this fact in the information provided to the experts for their valuation of DF.
 {¶ 25} Given these facts, and Douglas's failure to show some inequity results, we cannot say the trial court abused its discretion when it refused to find the date of separation was the de facto date of termination of the marriage. Thus, we cannot say the trial court erred in determining the condominium was marital property.
 {¶ 26} Douglas's second assignment of error is without merit.
 {¶ 27} In his third assignment of error, Douglas argues the trial court erred in finding the personal property in the condominium was marital property. We disagree.
 {¶ 28} We review a trial court's characterization of property as either marital or separate under the manifest weight of the evidence standard. Earnest, supra at ¶ 35.
 {¶ 29} Here, Douglas and his mother testified she provided the funds for the purchase of the personal property at issue by cashing in investments she had. She then claimed she converted these funds into a cashier's check payable to the retailer. However, under cross-examination she was unable to identify the form of the funds or explain why a cashier's check was needed. Further, the evidence elicited on cross-examination implied the funds had come from an account established by Douglas. In reaching its decision, the trial court obviously determined both Douglas's and his mother's testimony on this issue lacked credibility. Therefore, we cannot conclude the trial court's judgment was against the manifest weight of the evidence.
 {¶ 30} Douglas's third assignment of error is without merit.
 {¶ 31} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.
O'Neill, J., O'Toole, J., concur.