OPINION
{¶ 1} Karla and Richard Walker were divorced on May 17,1996. At the time of the divorce the Walkers agreed that their respective retirements benefits should be divided by the court at a later time. In January 2006, the trial court addressed the issue after the parties submitted stipulations that included the present value as of 1996 of Karla's public retirement benefits and Richard's retirement plan from Graphic Arts Industry as well as his Social Security retirement benefits. The parties agreed that Karla had no Social Security benefits to which she would be entitled. There was evidence presented at the hearing that the present value of Karla's public retirement pension, taking to account the coverture fraction, was $52,992.32, and the similar present value of Richard's retirement pension was $4,008.43. The present value of Richard's Social Security retirement benefits was $13,189.11. At the conclusion of the hearing, the trial court ordered that each party would be entitled to one half of the retirement earned by the other party during the term of the marriage excluding Social Security retirement benefits. The trial court stated it had considered the Social Security benefits of Richard but found "the potential benefit is minimal and finds there shall be no offset against the Plaintiff's interest in the Defendant's PERS retirement benefit."
 {¶ 2} In a single assignment, Karla Walker contends the trial court abused its discretion by failing to offset the amount of Richard's Social Security retirement benefits against her public retirement benefits.
 {¶ 3} In Neville v. Neville, 99 Ohio St.3d 275, 2003-Ohio-3624,791 N.E.2d 434, the Ohio Supreme Court held that in making an equitable distribution of marital property in a divorce proceeding, the trial court may consider the parties' future Social Security benefits in relation to all marital assets.
 {¶ 4} Recently we set out the specific manner in which a trial court should consider Social Security benefits. In Harshbargerv.Harshbarger, 158 Ohio App.3d 121,2004-Ohio-3919, 814 N.E.2d 105, at ¶ 23, a "method in which the Social Security benefits of a privately employed spouse are offset against the public retirement benefits of a spouse employed by the State" was endorsed. Further, this court has previously found an abuse of discretion when a trial court failed to consider the type of offset described in Harshbarger. See Hardy v.Hardy, Montgomery App. No. 20865, 2005 Ohio 5528. The Hardy court opined that "it is the public employee retirant's ineligibility for Social Security that justifies an offset of Social Security retirement the other spouse receives." Id. at ¶ 15.
 {¶ 5} In Harshbarger, the domestic relations court, confronted with a like set of facts, offset against the public employees' retirement benefit of one spouse the amount of a hypothetical Social Security retirement benefit she would have received had she been entitled to one. Id. at 919. The court then divided the remaining net amount of the public employees' retirement benefit between the parties equally. Id. We held that the court should have instead offset against the public employees' retirement benefit the amount of the Social Security retirement benefit the other spouse actually receives, and then divided the net balance of the public employees' retirement benefit equally between the parties. Id. at ¶ 23-29.
 {¶ 6} The offset we approved in Harshbarger is justified by two considerations. First, as the domestic relations court observed, Social Security benefits are not divisible in a divorce action. Second, contributions made by public employees to government-run retirement systems are in lieu of contributions to the Social Security retirement system, yet accounts in public employees' retirement systems are divisible as marital property. Therefore, to achieve an equitable distribution of that form of asset, what one spouse receives in the form of Social Security retirement benefits attributable to contributions made during the marriage should be offset against the benefit the other spouse receives from a public employees' retirement system before the marital property portion of that asset is divided.
 {¶ 7} We agree with the Appellant that the trial court abused its discretion in not considering Richard's Social Security benefits as an offset against Karla's public retirement benefits. We agree with Appellant that the present value of Richard's Social Security benefit was not "minimal." The assignment of error is sustained.
 {¶ 8} The judgment of the trial court is Reversed and Remanded for further proceedings.
FAIN and GRADY, JJ., concur.