OPINION
{¶ 1} This is an appeal from a decree of divorce terminating a marriage of almost thirty years duration. The sole issue on appeal concerns the domestic relations court's determination that two investment funds owned by the former husband are marital property to be divided between the spouses equally and not, at least in part, the former husband's separate property that must be distributed to him.
 {¶ 2} First Assignment of Error
 {¶ 3} "The trial court erred in finding that appellant Failed to adequately trace his inheritance monies to a separate property interest, which resulted in the trial court declaring the american legacy ii annuity and the franklin valuemark ii annuity accounts marital property to be equally divided between the parties."
 {¶ 4} R.C 3105.171 (A)(3)(a)(i) defines marital property to include "[a]ll real and personal property that currently is owned by either of the spouses." The term "currently" refers to the date of the final hearing in the action for divorce. R.C.3105.171(A)(2)(a). The effect of that provision is to create a rebuttable presumption that any and all property or an interest therein that either spouse then owns is martial property and, therefore, subject to the equal division provisions of R.C.3105.171(C)(1). The presumption may be rebutted by evidence showing that an item of property is instead the separate property of one of the two spouses. Separate property is not marital property. R.C. 3105.171(A)(3)(b). The court is charged to distribute separate property to the spouse whose property it is. R.C 3105.171(D).
 {¶ 5} R.C. 3105.171(A)(6)(a)(i)-(vii) identifies five categories of property that are separate property. Each category as defined portrays a particular circumstance under which the property was acquired. Further, and in relation to each, R.C.3105.171(A)(6)(b) provides:
 {¶ 6} "The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable."
 {¶ 7} Property is commingled when it is put together with other property into a common fund or item. Formerly, separate property that was commingled with marital property was "transmuted" into marital property, making the entire item or fund subject to division as such. Transmutation has been abandoned, and separate property that is commingled retains its character as separate property so long as its separate character is "traceable." R.C. 3105.171(A)(6)(b).
 {¶ 8} R.C. 3105.171(A)(6)(a) defines separate property to include any property or an interest therein that is found by the court to be "[a]n inheritance by one spouse by bequest, devise, or descent during the course of the marriage." Per R.C.3105.171(A)(6)(b), even though they are then commingled with other property, traceable inheritances remain separate property.Southworth v. Southworth, (Dec. 24, 1998), Cuyahoga App. No. 73525. Nontraceable commingled inheritances are marital. Earickv. Earick (Feb. 17, 1994), Ashland App. No. CA-1025.
 {¶ 9} The burden of proof that specific property owned when the marriage terminates is not marital but separate is upon the proponent of the claim. Peck v. Peck (1994),96 Ohio App.3d 731. The burden must be sustained by a preponderance of the evidence. Tupler v. Tupler (Jan 12, 1994), Hamilton App. Nos. C-920852, C-920887. The proponent must satisfy two burdens. First, that the property satisfies one of the six definitions of separate property in R.C. 3105.171(A)(6)(a). Second, if it has been commingled, that the property can be traced to its prior separate identity. Guenther v. Guenther (Oct. 19, 1994), Wayne App. No. 2827. Oral testimony as evidence of the separate nature of the property, without documentary proof, may or may not be sufficient to carry the burden. Wylie v. Wylie (June 4, 1996), Lawrence App. No. 95CA18.
 {¶ 10} The issue on appeal concerns two investment accounts owned by Kenneth R. Fisher. One is a Franklin Valuemark II Variable annuity valued at $179,522. The other is an American Legacy II Variable annuity valued at $188,690. Linda Fisher is identified on both accounts as the primary beneficiary.
 {¶ 11} Kenneth Fisher asked the court to award him thirty-four per cent of the Valuemark account and thirtyseven per cent of the American Legacy account, arguing that those portions represented his past investments of monies he had inherited from his mother after her death in 1982. He conceded that the balance of each account represented investment of marital funds, making those balances marital property to be divided equally between him and his wife.
 {¶ 12} Linda Fisher confirmed that her husband had inherited from his mother, but she was unaware of whether or how any inheritance was invested. Kenneth Fisher testified that he inherited an annuity from his mother that transferred to him directly. He further testified that he inherited several cash bequests that he invested. The company that held both the annuity and the cash investments later filed for bankruptcy, requiring him to reinvest the funds elsewhere. The company in
 {¶ 13} which the funds were reinvested subsequently ceased business. Those investments were then "rolled over" into the Valuemark and American Legacy accounts.
 {¶ 14} Kenneth Fisher presented his own written summaries tracing his original investments to the Valuemark and American Legacy accounts. However, he was unable to present account statements demonstrating where and when the cash monies he inherited from his mother were first held or invested. Neither was he able to document the direct transfer of an annuity from his mother to him.
 {¶ 15} The trial court found that Kenneth Fisher adequately traced the two current accounts or a portion of them he claimed to the original investments from which they derive. The court further found, however, that he failed to demonstrate that any part of these original investments was attributable to "a separate property interest"; that is, to funds Kenneth Fisher had inherited from his mother. Therefore, the court found that the current American Legacy and Valuemark accounts are wholly marital property, and it ordered them divided equally between the parties.
 {¶ 16} Kenneth Fisher argues on appeal that the domestic relations court abused its discretion because he did present evidence, in the form of his own testimony, concerning how his inheritances were invested, which was supported by the best documentary evidence available to him. He concedes that the documentary evidence presented is somewhat lacking, due to the passage of time and the fact that the companies concerned had long ago ceased business. Kenneth Fisher also points out that Linda Fisher was unable to contradict his claims in any way.
 {¶ 17} The trial court didn't reject Kenneth Fisher's claim that he had inherited monies. Rather, it held that he failed to show that monies he inherited were owned or invested by him in a form that made them traceable to the portion of the current accounts he claims. On that basis, the court concluded that Kenneth Fisher failed to bear the burden imposed on him to show, by a preponderance of the evidence, that property he currently owns which consists of commingled property is "traceable", in part, to his own separate property. R.C 3105.171(A) (6)(b).
 {¶ 18} Property currently owned is traceable to separate property, commingling notwithstanding, if a sufficient connection is shown to exist between the two. The proponent of a separate property claim has the burden to prove the connection concerned. The burden is more complex when the commingled property is fungible, as it is here. Substantiation in some form is then required. That is made more difficult by the passage of time and by multiple conversions that may have taken place during it.
 {¶ 19} The domestic relations court's review of the evidence was thorough. Our own review of the evidence fails to portray an abuse of discretion; that is, that the domestic relations court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Absent that finding, we must affirm. Id.
 {¶ 20} The first assignment of error is overruled.
 {¶ 21} SECOND ASSIGNMENT OF ERROR
 {¶ 22} "The trial court erred in failing to consider newly discovered evidence as provided by appellant pursuant to his supplemental closing argument filed june 25, 2003 and/or failing to grant a new trial based upon said newly discovered evidence pursuant to rule 59 of the ohio rules of civil procedure."
 {¶ 23} At the close of the final hearing in the divorce action on March 17, 2003, the trial court ordered counsel for both parties to file written closing arguments on these matters within a stated time. Each did. Subsequently, on June 25, 2003, Kenneth Fisher filed a further Supplemental Closing Argument, contending that he had since obtained additional evidence to support his claims that the Valuemark and American Legacy accounts were traceable to his separate property. The motion purported to attach transaction documents and an affidavit so stating, identified as Exhibits "A" through "D". Kenneth Fisher asked the court to consider this new evidence, or alternatively, to grant him a new trial pursuant to Civ.R. 59.
 {¶ 24} The trial court entered its decision denying Kenneth Fisher's separate property claims on October 29, 2003. The decision directed counsel for Linda Fisher to prepare a judgment entry consistent with the decision. Counsel for Linda Fisher four times asked the court for additional time to file the judgment entry with the court, serving a copy of each motion on counsel for Kenneth Fisher. Each of the four motions was granted, without objection. A Final Judgment and Decree of Divorce that had been approved by both counsel was filed on February 4, 2004.
 {¶ 25} Kenneth Fisher argues that the trial court abused its discretion when in its Decision of October 29, 2003, the court ignored the Supplemental Closing Argument and the materials attached to it he filed on June 25, 2003. We are unable to so find, for two reasons.
 {¶ 26} First, the record before us contains none of the four exhibits which the Supplemental Closing Argument purported to attach. Therefore, we cannot say that they support the contentions of the arguments concerned.
 {¶ 27} Second, Kenneth Fisher failed to file objections to the domestic relations court's judgment pursuant to Mont. Loc.R. 2.17.B. after the judgment was filed, raising these issues. Neither did he seek any more specific consideration from the court for his new evidence in the months after the court's Decision, during which time the court's Decision, not having been reduced to judgment, remained interlocutory and subject to revision.
 {¶ 28} The Civ.R. 59 motion incorporated within the Supplemental Closing Argument Kenneth Fisher filed on June 25, 2003, was insufficient to require the court to grant or deny a new trial because no judgment had yet issued. The court might have reopened the record for additional hearings based on the Supplemental Closing Argument had a motion seeking that relief been made, but none was. We cannot find that, absent no more than the filing of June 25, 2003, the court abused its discretion when it declined to consider the additional evidence offered with the motion.
 {¶ 29} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Young, J., concur.