[Cite as *Hall v. Hall*, 2013-Ohio-3758.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

MARY JANE HALL                          :

    Plaintiff-Appellee            :    C.A. CASE NO.    2013 CA 15

v.                                      :    T.C. NO.    09DR134

TERRY HALL                              :     (Civil appeal from Common
                                             Pleas Court, Domestic Relations)

    Defendant-Appellant           :

                                        :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the   30th   day of     August    , 2013.

· · · · · · · · · ·

APRIL H. MOORE, Atty. Reg. No. 0084711, 260 N. Detroit Street, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

JENNIFER MARIETTA, Atty. Reg. No. 0089642, 77 W. Main Street, Xenia, Ohio 45385
    Attorney for Defendant-Appellant

· · · · · · · · · ·

DONOVAN, J.

    **{¶ 1}**   Defendant-appellant Terry Hall appeals from a decision of the Greene

County Court of Common Pleas, Domestic Relations Division, adopting in part and

modifying in part the decision of the magistrate regarding the equitable division of marital property between himself and plaintiff-appellee Mary Jane Hall. The magistrate's decision was filed on February 17, 2011. The judgment entry adopting in part and modifying in part the decision of the magistrate was filed by the trial court on February 27, 2013. On March 25, 2013, Terry filed a timely notice of appeal with this Court.

{¶ 2} Terry and Mary Jane were married on August 17, 1970. Three children were born during the marriage, to wit: Brian M. Hall, Jamie L. Vaouva, and Tracy D. Hall, all of whom were emancipated at the time of this action. On May 6, 2009, Mary Jane filed a complaint for divorce, alleging gross neglect and adultery. Both Mary Jane and Terry were represented by private counsel throughout the pendency of their divorce. A temporary restraining order (TRO) was issued by the magistrate which ordered Terry to pay as spousal support the following debts and obligations with respect to the marital residence: mortgage, taxes, insurance, utilities, cable, trash, and phone service.

{¶ 3} The divorce action proceeded to a hearing before the magistrate on March 18, 2010. Based on new evidence of undisclosed bank accounts purportedly held by Terry, Mary Jane filed a motion to reopen the evidence on June 10, 2010. On September 1, 2010, the magistrate held a supplemental hearing. Following the hearing, the magistrate issued a decision on February 17, 2011. In her decision, the magistrate adopted the date of the filing of the complaint for divorce, May 7, 2009, as the marriage termination date. Regarding distribution of the parties' marital assets, the magistrate awarded Mary Jane sole interest in the only real property owned jointly by the parties which had both positive equity and which would provide a rental income stream for Mary Jane since the evidence established that

Terry was unemployed and, therefore, unable to provide spousal support. That property is located at 1300 Cobblestone Street The magistrate also awarded Mary Jane title to a 1997 Chevy Cavalier owned by the parties.

{¶ 4} The magistrate awarded Terry the remainder of the marital assets, including two motor vehicles of minimal value, and three parcels of real property. One of the parcels, which was the parties' marital residence, had negative equity. The marital property was located at 1395 Betty Drive in Xenia, Ohio. The second property was located at 2054 Kylemore Drive in Xenia, Ohio, where Terry resided with his girlfriend. The third property was located at 2321 and 2323 Knoll Drive and is owned in equal shares by Terry, Willard Hall, and Pauline Hall. The magistrate found that Terry's interest in this third parcel "is one of a separate property nature" because the property belongs to his parents. We note that the magistrate also found that Terry had committed financial misconduct in his handling of the parties' marital property and funds.

{¶ 5} The final decree of divorce was filed on March 8, 2011. On the same day, Mary Jane filed her objections to the magistrate's decision. On March 11, 2011, Terry's filed his response to Mary Jane's objections. After the hearing transcripts were filed, Mary Jane filed supplemental objections with the trial court. Terry filed his response to Mary Jane's supplemental objections on June 16, 2011. On July 6, 2011, the magistrate issued an interim order requiring Terry to pay temporary spousal support to Mary Jane, in addition to her car insurance and cell phone bill during the pendency of the objections. The magistrate also permitted Mary Jane to continue receiving rental income from the property located at Cobblestone Street.

{¶ 6}   On February 27, 2013, the trial court issued its decision adopting in part and modifying in part the magistrate's decision.  Specifically, the trial court agreed with the magistrate and found that Mary Jane was entitled to 1300 Cobblestone Street and all the marital equity in the property in its entirety.  The trial court modified the decision of the magistrate, however, finding that Mary Jane was entitled to half of the marital equity in both the Knoll Drive property and the Kylemore property.  The trial court also awarded Mary Jane half of the marital equity in Terry's Roth IRA account (#214564942) that he admitted to "cashing in" during the divorce proceedings without informing Mary Jane.  Lastly, the trial court found that Mary Jane was entitled to half of the proceeds from Terry's sale of a 2000 Chevrolet Tracker to his father during the pendency of the divorce action.   In total, the trial court found that Mary Jane was entitled to a monetary award from Terry in the amount of $84,182.41.

{¶ 7}   It is from this judgment that Terry now appeals.

{¶ 8}   Because they are interrelated, Terry's first and second assignments of error will be discussed together:

{¶ 9}   "THE COURT IMPROPERLY DETERMINED THAT THE KNOLL DRIVE REAL ESTATE WAS MARITAL ASSETS."

{¶ 10}   "THE COURT INCORRECTLY CALCULATED THE AMOUNT OF MARITAL EQUITY IN THE KNOLL DRIVE REAL ESTATE."

{¶ 11}   In his first assignment, Terry contends that the trial court abused its discretion when it found that the property located at 2321 and 2323 Knoll Drive were marital assets and that Terry's one-third interest in the property was subject to equitable distribution.

Specifically, Terry argues that his interest in the property was a gift to him from his parents. Therefore, Terry asserts, the property is a non-marital asset and Mary Jane is not entitled to one-half of his remaining equity in the property.

{¶ 12}  Appellate courts review a trial court's division of property under an abuse of discretion standard, but a trial court's classification of property as marital or separate must be supported by the manifest weight of the evidence. *Mays v. Mays*, 2d Dist. Miami No. 2000-CA-54, 2001-Ohio-1450.  When we consider manifest weight arguments, we "review the evidence, and *** determine whether, when appropriate deference is given to the factual conclusion of the trial court, the evidence persuades us by the requisite burden of proof." *Cooper v. Cooper,* 2d Dist. Greene Nos. 2007-CA-76 and 2007-CA-77, 2008-Ohio-4731, at ¶25; *Howard v. Howard*, Montgomery App. No. 16542, 1998 WL 127526 (Mar. 20, 1998). As the Supreme Court of Ohio determined:

> "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable.  (Internal citation omitted).  It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.
>
> A decision is unreasonable if there is no sound reasoning process that would support that decision.  It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.  *AAAA Enterprises, Inc. v. River Place*

*Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**{¶ 13}** "Oral testimony as evidence, without corroboration, may or may not satisfy the burden." *Maloney v. Maloney*, 160 Ohio App.3d 209, 2005-Ohio-1368, at ¶23 (2d Dist.), citing *Fisher v. Fisher*, 2d Dist. Montgomery No. 20398, 2004-Ohio-7255. "Because traceability presents a question of fact, we must give deference to the trial court's findings, and the court's decision on the matter will not be reversed as against the manifest weight of the evidence when it is supported by competent credible evidence." Id.

**{¶ 14}** Generally, the party claiming that an asset is separate property has the burden of proving the claim by a preponderance of the evidence. *Peck v. Peck*, 96 Ohio App.3d 731, 734, 645 N.E.2d 1300 (1994). However, R.C. 3105.171(A)(6)(a)(vii) provides: _(a) _Separate property_ means all real and personal property and any interest in real or personal property that is found by the court to be any of the following: * * * (vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse._ Because of the presumption that property acquired during marriage is marital property, R.C. 3105.171(3)(a)(i), this presumption can be overcome only with clear and convincing evidence. *Barkley v. Barkley*, 119 Ohio App.3d 155, 168, 694 N.E.2d 989 (1997). Clear and convincing evidence means that degree of proof which will provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *Id*.

**{¶ 15}** Upon review, we conclude that Terry's interest in the Knoll Drive real estate was marital property and, therefore subject to an equitable distribution between the parties.

Initially, we note that it is undisputed that Terry owned a one-third interest in the Knoll Drive real estate. According to the land sale contract, Terry is a joint owner with his parents on the deed to the property. Terry testified that he had put no money into the property and that his parents were making the monthly mortgage payments on the real estate. Terry testified that his interest in the Knoll Drive property was a gift from his parents and part of his inheritance. A land installment contract, however, was admitted into evidence which established that Terry purchased his interest in the property from his parents for $80,000.00 on February 25, 1999. Plaintiff's Ex. 27. In the contract, Terry is specifically listed as the "BUYER," and the land sale was clearly executed during the parties' marriage. The trial court also found that Terry's testimony lacked credibility and that he failed to meet his burden, by clear and convincing evidence, that the Knoll Drive real estate was a gift purchased with non-marital/separate funds. We also note that while Mary Jane testified that she did not think that Terry put any money into the Knoll Drive property, she consistently testified at other points during the hearing that she left the management of the marital finances to Terry's discretion, and she did not generally know how their money was spent. Accordingly, we find that the trial court did not abuse its discretion when it found that Terry's one-third interest in the Knoll Drive real estate was a marital asset, and therefore, subject equitable division between the parties.

{¶ 16} Having determined that Terry's one-third interest in the Knoll Drive property is a marital asset, we find, however, that the trial court erred when it miscalculated Mary Jane's portion of the marital equity in the Knoll Drive real estate as totaling $24,702.38.

{¶ 17} Terry has a one-third vested interest in the subject property. The Greene County Auditor's records establish that as of the termination date of the parties' marriage, the appraisal value of 2321 Knoll Drive is $101,630.00, and the appraisal value of 2323 Knoll Drive is $105,590. Plaintiff's Exs. 9 & 11. The aggregate value of both parcels of land, in which Terry purchased a one-third interest, totals $207,220.00. As of December of 2009, the remaining balance on the only mortgage for these properties was listed at $80,887.62, leaving $126,332.38 in total equity in the subject property. Accordingly, Terry and Mary Jane's one-third marital equity in the property equals $42,110.79, half of which should have awarded to Mary Jane. Therefore, the trial court's award to Mary Jane for her one-half marital equity in the Knoll Drive real estate is modified to $21,055.40.

{¶ 18} Terry's first assignment of error is overruled.

{¶ 19} Terry's second assignment of error is sustained.

{¶ 20} Terry's third assignment of error is as follows:

{¶ 21} "THE COURT DIVIDED THE EQUITY FOR THE KYLEMORE DRIVE REAL ESTATE, THE 2000 CHEVROLET TRACKER, AND THE ROTH IRA BY IGNORING THE EQUITABLE DIVISION OF ASSETS AND DEBTS BY THE MAGISTRATE."

{¶ 22} In his third assignment, Terry argues that the trial court erred when it divided the marital equity for the Kylemore Drive real estate, the 2000 Chevrolet Tracker, and the Roth IRA by ignoring the equitable division of assets and debts by the magistrate.

{¶ 23} **The Kylemore Drive Property**

{¶ 24} The record establishes that Terry continued making the mortgage and utility

payments at the marital residence located at 1395 Betty Drive where Mary Jane continued to live after he moved out in April or May of 2008. In May of 2008, Terry purchased the residence located at 2054 Kylemore Drive where he began to reside with his girlfriend. In August of 2009, Terry stopped making mortgage payments on the Betty Drive residence, and the property eventually went into foreclosure. Terry admitted that he doubled his living expenses when he moved out of the marital residence and began residing at Kylemore Drive with is girlfriend. Terry testified that he paid for the entire mortgage and all of the utilities at the Kylemore Drive residence while his girlfriend lived there at no cost. Terry further testified that his voluntary decision to quit his job as a minister at a local church reduced his income by approximately two-thirds of the prior amount. The trial court found that Terry's misuse of marital assets to provide housing for himself and his girlfriend, while allowing the marital residence to go into foreclosure, was intentional and constituted financial misconduct.

{¶ 25} We note that the magistrate adopted the date of the filing of the complaint for divorce, May 7, 2009, as the marriage termination date. Thus, we agree with the trial court that the funds used to purchase the residence at Kylemore Drive in May, 2008 were marital assets. This conclusion is further supported by Terry's admission that he stopped making mortgage payments on the marital residence shortly after moving into the Kylemore Drive residence with his girlfriend. Pursuant to the Greene County Auditor's records, the Kylemore Drive real estate was valued at $68,670.00 at the time of the parties divorce in 2009. Plaintiff's Ex. 5. The balance due on the mortgage for the subject property was listed at $60,711.90 as of December, 2009, thereby leaving $7,958.10 in marital equity. Thus, the

trial court did not abuse its discretion when it awarded Mary Jane $3,979.50[1] as her portion of the marital equity in the Kylemore Drive property.

{¶ 26} **The 2000 Chevrolet Tracker**

{¶ 27} Terry admitted that he sold the Chevrolet Tracker to his father after the imposition of mutual restraining orders which prohibited the parties from selling or otherwise disposing of any marital assets. Terry's father paid him $4,000.00 and a wrecked 1998 Chevy S-10 pickup truck for the Chevrolet Tracker. Terry further testified that he sold the S-10 pickup truck in the late summer of 2009 after the restraining orders were filed. It is undisputed that Mary Jane received no money from the sale of the Chevrolet Tracker. No where in his brief does Terry argue that the Chevrolet Tracker is not a marital asset. Terry merely argues that because the magistrate awarded Mary Jane the Cobblestone Drive property, she is not entitled to any proceeds from the sale of the vehicle. While the magistrate awarded Mary Jane the Cobblestone Drive property in lieu of spousal support, this has no bearing on whether she is entitled to her marital portion from the sale of the Chevrolet Tracker. The vehicle was clearly a marital asset which Terry sold in violation of the restraining order which was in place. Accordingly, the trial court did not abuse its discretion when it awarded Mary Jane $2,000.00 of the $4,000.00 that Terry received from the sale of the Chevrolet Tracker.

{¶ 28} **The Roth IRA/Primerica Account (#214564942)**

{¶ 29} Upon review of this portion of Terry's third assignment, it is apparent the

---

[1]The trial court ordered the amount due to Mary Jane as $3,979.*50* rather than $3,979.*05*. However, this .45 cent disparity is not challenged on appeal.

trial court may have made a substantial error in the amount of marital equity in the Roth IRA it awarded to Mary Jane. The transcript indicates that Terry testified that he unilaterally withdrew $107,000.56 from the Roth IRA (#214564942) on June 23, 2009, in order to pay bills. Plaintiff's Exhibit 16 clearly reveals that on June 23, 2009, Terry only withdrew $807.56 from the Roth IRA account. Mary Jane's own exhibit which was admitted during the hearing establishes that the testimony at trial was likely misstated, and at most, she was only entitled to $403.78, or half the amount Terry withdrew from the Roth IRA account, and not $53,500.28. Accordingly, the trial court's finding that the Roth IRA (Acct. # 214564942) was valued at $107,000.56 is against the manifest weight of the evidence.

{¶ 30} Terry's third assignment of error is overruled in part and remanded in part in order for the trial court to reconcile the amount of the Roth IRA withdrawal with all of the evidence presented at the hearing.

{¶ 31} Terry's fourth and final assignment of error is as follows:

{¶ 32} "THE COURT'S UNREASONABLE DELAY IN RULING ON THE OBJECTIONS TO MAGISTRATE'S [DECISION] UNDULY PREJUDICED THE DEFENDANT."

{¶ 33} In his final assignment, Terry argues that he was unduly prejudiced by the trial court's failure to rule on Mary Jane's objections to the magistrate's decision in timely fashion. Terry points out that the magistrate's decision was issued on February 17, 2011, and an interim order was issued on July 6, 2011, ordering appellant to pay Mary Jane $750.00 per month, and allowing her to keep the rental income from the Cobblestone Drive property. Terry was also ordered to continue paying Mary Jane's car insurance and cell

phone bill during the pendency of the objections.   There was no further activity on the case until October 26, 2012, when the trial court scheduled a hearing on the objections for January 25, 2013.   It appears from the record that no such hearing was ever held, and on February 27, 2013, the trial court issued its decision adopting in part and modifying in part the decision of the magistrate.

{¶ 34}   Upon review, we conclude that although there was a considerable delay between the time that the interim order was issued and the trial court's issuance of a decision on Mary Jane's objections, Terry has failed to establish that he was prejudiced in any way. Specifically, had the delay been prejudicial to Terry, he could have filed a writ with this Court asking us to compel the trial court to rule on the objections.   Terry did not avail himself of such a remedy.   Moreover, although Terry argues that he faithfully paid all of the spousal support he was ordered to pay by the interim order of July 6, 2011, he did not attach any receipts or check stubs establishing that he, in fact, was paying the support to Mary Jane as he was ordered.   We note that Mary Jane argues in her brief that Terry did not comply with the interim order to pay her spousal support.   Thus, Terry has failed to establish that he was prejudiced by the trial court's failure to rule on the objections to the magistrate's decision in a timely fashion.

{¶ 35}   Terry's fourth and final assignment of error is overruled.

{¶ 36}   Based on the foregoing, Terry's second assignment of error is sustained and modified.   In regards to our holding with respect to Terry's third assignment of error, this cause is remanded specifically for the trial court to reconcile the amount of the Roth IRA (#214564942) withdrawal on June 23, 2009, with all of the evidence presented at the hearing

which will determine the proper payment amount to be made to Mary Jane for purposes of marital equity. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.

Copies mailed to:

April H. Moore
Jennifer Marietta
Hon. Steven L. Hurley