JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Deborah J. Baddam-Reddy (appellant) appeals from the trial court's decision ordering her to pay child support. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On September 3, 1999, appellant filed for divorce from defendant-appellee Deenadayal Baddam-Reddy (appellee). The divorce was granted on November 3, 2000, and included a shared parenting plan regarding custody of the Baddam-Reddy's two children. Primary custody of their daughter was awarded to appellant and primary custody of their son was awarded to appellee. Appellee was ordered to pay appellant $484.50 per month for child support. On July 3, 2003, appellee filed a motion stating that his obligation to pay child support to appellant for their daughter terminated with the daughter's graduation from high school. Appellee further requested that appellant be ordered to pay child support to him for their son, who was still a minor. On April 21, 2004, the court journalized an agreed judgment entry ordering 1) appellee to pay appellant $1,367.74 of child support arrears for their daughter; 2) that appellee's further obligation to pay child support for their daughter was terminated; and 3) appellant to pay appellee $429.04 per month in child support for their son. On June 7, 2004, appellant filed a motion to vacate judgment as it pertained to her paying appellee child support for their son, and on July 22, 2004, the court denied appellant's motion.
 II. {¶ 3} In her first assignment of error, appellant argues that the "magistrate acted as trial judge, jury and hangman by usurping J. Flanagan's power to conduct a jury trial as provided by the U.S. and Ohio Constitutions." It should be noted that it is, at times, unclear exactly on what grounds appellant, who is acting pro se, is appealing. However, from what we can glean from appellant's brief, as well as from the record, in her first assignment of error appellant claims she was denied her right to a jury trial.
 {¶ 4} Civ.R. 38 preserves the right to a trial by jury for civil litigants. However, Civ.R. 75 governs divorce, annulment and legal separation actions, and subsection (C) states "[i]n proceedings under this rule there shall be no right to trial by jury." In addition, the rule further states that the proceedings "may be heard either by the court or by a magistrate as the court, on the request of any party or on its own motion, may direct." Civ.R. 75(C). See, also, Civ.R. 53(A) (governing proceedings heard by a magistrate). Since appellant was no longer entitled to a jury trial, the court properly referred her case to a magistrate. Accordingly, appellant's first assignment of error is overruled.
 III. {¶ 5} In her second assignment of error, appellant argues that "the court of domestic relations has allowed the acting magistrate to violate the doctrine of excessitivity [sic] of child support award's [sic] pursuant to O.R.C. 3109.05 on support orders." Civ.R. 53(E) allows a party to file objections to a magistrate's decision within fourteen days of the filing of that decision. Furthermore, Civ.R. 53(E)(3)(b) further provides that a party must object to a magistrate's finding or conclusion before being permitted to assign such finding or conclusion as error on appeal. See Group One Realty v. Dixie Internatl. Co. (1998), 125 Ohio App.3d 767,768.
 {¶ 6} R.C. 3109.05 governs court ordered child support and allows the domestic relations court to order "either or both parents to support or help support their children" in cases of divorce. Pursuant to R.C.3119.022, a child support computation worksheet is mandated as a guideline for courts ordering that child support be paid to the residential parent. This computation may be reviewed on appeal only for an abuse of discretion.
 {¶ 7} In the instant case, the magistrate held a hearing on March 29, 2004 to establish findings and conclusions regarding appellee's motion to establish child support, appellant's motion to quash same and appellant's motion for past due payment of child support from appellee. As a result of this hearing, the parties entered into an agreement. On March 31, 2004, appellant filed a notice of recision of the March 29 child support agreement, stating that she was coerced to sign it under duress. For argument's sake, we will treat this notice as an objection to the magistrate's findings.
 {¶ 8} On April 21, 2004, despite appellant's notice of recision, the court adopted the magistrate's findings, stating that "the Court finds that the parties have entered into an agreement * * *; that the terms of their agreement as set forth hereinafter are fair, just and equitable; that the terms of their agreement should therefore be approved and ordered into execution; and that the parties waive their rights under Ohio Civil Rule 53 as to this proceeding." Attached to this judgment entry is a handwritten document stipulating the $429.04 per month that appellant was to pay appellee for child support. Both appellant and appellee signed this document. Also attached to the judgment entry is the child support computation worksheet detailing both parties' incomes and calculating the final child support obligation. The court did not deviate from the worksheet guidelines when it awarded appellee $429.04 per month. Accordingly, we find no abuse of discretion in computing appellant's child support order, and the second assignment of error is overruled.
 IV. {¶ 9} In her third and final assignment of error, appellant argues that "journal entery [sic] of 4/21/04 demonstrates reversible error and abuse of trial court discretion and jurisdiction to award the sum of $420.63 per month with out [sic] construation [sic] and concordance of R.C. 3109.05; as in Myer v. Myer [sic], 17 Ohio St.3d 222, 185, pg 223, line24 [sic]." Specifically, appellant argues that pursuant to Meyer,
appellee is barred from receiving child support, because at the time he was awarded custody of their son, he did not file a motion requesting support, nor did the court order support be paid to him. Appellant's reliance on Meyer is misplaced. In Meyer, the Supreme Court of Ohio held that "the custodial parent is not entitled to reimbursement for child support from the non-custodial parent where no support order is made or requested at the time custody is awarded." Id. at 225. (Emphasis added.) In addition, the court specifically stated that this "decision does not prevent an action to receive or modify future child support payments." (Emphasis in original.) In the instant case, the court awarded appellee child support payments on March 29, 2004, almost three and one-half years after the divorce was granted. Appellee did not request reimbursement for past child support from appellant; therefore, Meyer is inapplicable, and appellant's third assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Karpsinki, J., concur.