[Cite as *Wills v. Wills*, 2025-Ohio-1608.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SCOTT A. WILLS, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellant | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| EMILY E. WILLS, | : | Case No. 2024CA0018 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Coshocton County Court of Common Pleas, Domestic Relations Division, Case No. 23DV0108

JUDGMENT: Affirm in Part and Remand in Part

DATE OF JUDGMENT: May 5, 2025

APPEARANCES:

For Plaintiff-Appellant

JAMES J. ONG
Connolly, Hillyer & Ong, Inc.
201 North Main Street, P.O. Box 227
Uhrichsville, OH  44683

For Defendant-Appellee

PORTER R. WELCH
Welch Legal Services, L.L.C.
21 Middle Street, P.O. Box 125
Galena, OH  43021

*Montgomery, J.*

## STATEMENT OF THE FACTS AND THE CASE

**{¶1}** Appellant and Appellee were married on May 8, 2010 and have one child. Appellant filed a Complaint for Divorce on April 10, 2023. Appellee filed a Complaint and Counterclaim on April 26, 2023. A final hearing was held on May 16, 2024 and the trial court issued a Judgment Entry Decree of Divorce on May 24, 2024. Appellant filed his notice of Appeal on December 13, 2024.

**{¶2}** The Appellant assigns four errors:

**{¶3}** "I. THE LOWER COURT ERRED IN AWARDING THE REAL ESTATE LOCATED AT 22929 TOWNSHIP ROAD 1193, COSHOCTON, OHIO AND 0 TOWNSHIP ROAD 1193, COSHOCTON, OHIO SOLELY TO APPELLEE, GIVEN THE FACT THAT THE PARTIES ADVISED THE LOWER COURT, PRIOR TO THE PRESENTATION OF ANY EVIDENCE, THAT THEY HAD REACHED THE AGREEMENT THAT APPELLEE SHOULD RECEIVE A ONE-HALF SHARE IN THE EQUITY INTEREST IN ALL REAL ESTATE PARCELS THE LOWER COURT FOUND TO BE MARITAL PROPERTY."

**{¶4}** "II. THE LOWER COURT'S FINDING THAT APPELLANT COMMITTED FINANCIAL MISCONDUCT WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE."

**{¶5}** "III. IN THE EVENT A FINDING OF FINANCIAL MISCONDUCT ON THE PART OF APPELLANT WAS IN FACT PROPER, THEN THE LOWER COURT ABUSED ITS DISCRETION BY AWARDING APPELLEE THE SOLE AND EXCLUSIVE OWNERSHIP TO THE REAL PROPERTY LOCATED AT 22929 TOWNSHIP ROAD 1193, COSHOCTON, OHIO AND 0 TOWNSHIP ROAD 1193, COSHOCTON, OHIO."

**{¶6}** "IV. THE LOWER COURT ABUSED ITS DISCRETION BY AWARDING ATTORNEY FEES TO APPELLEE FOR APPELLANT'S ALLEGED REFUSAL TO RESOLVE THIS CASE SHORT OF TRIAL."

## ANALYSIS

**{¶7}** Appellant argues in his first assignment of error that the trial court erred in awarding Appellee the property located at 22929 Township Road 1193, Coshocton, Ohio, and 0 Township Road 1193, Coshocton, Ohio. This Court agrees.

{¶8} Appellant and Appellee entered into *Agreed Joint Stipulations* ("*Stipulations*") that were signed by both parties on May 16, 2024. The S*tipulations* were approved and adopted by the trial court on the same date. *Id.,* p. 6.

{¶9} The parties agreed that they owned three (3) parcels of real property. *Id.*, p. 2. These properties are 22875 Township Road 1193, 22929 Township Road 1193 and 0 Township Road 1193 located in Coshocton, Ohio. *Id.* The parties stipulated that the properties located at 22875 Township Road 1193 and 22929 Township Road 1193 are marital properties and assigned a value to each*. Id.* The parties further agreed that the court would determine if the property located at 0 Township Road 1193 is martial property and what value to assign to it. *Id.* The *Stipulations* also stated that Appellant would have "15 days from the date of the final hearing on this matter to determine whether he wishes to retain each of three parcels of real property". *Id.*

{¶10} The trial court ruled that the property located at 0 Township Road 1193 was marital property and subject to equitable distribution. *Judgment Entry*, *Conclusions of Law* ¶ 2. The trial court further found that Appellant could elect to retain the three parcels and pay Appellee her marital share. *Judgment Entry Decree of Divorce*, ¶ 11. However, the trial court found that Appellant committed financial misconduct and awarded Appellee a distributive award by allocating the real property located at 22929 Township Road 1193 and 0 Township Road 1193 to Appellee. *Id.*, ¶ 25.

{¶11} A stipulation is defined as, "[a] voluntary agreement entered into between opposing parties concerning the disposition of some relevant point in order to eliminate the need for proof on an issue or to narrow the range of issues to be litigated." *Kestner v. Kestner*, 2007-Ohio-6222, 879 N.E.2d 849, ¶ 29, citing *Wilson v. Harvey,* 2005-Ohio-

5722, 842 N.E.2d 83, ¶ 12. "[W]hen a stipulation of facts is handed up by the adversaries in a case, the trier of facts must accept what is set forth as a statement of settled fact that is undisputed and binding upon the parties to the agreement." *DiSanto v. Safeco Ins. of Am.*, 2006-Ohio-4940, 861 N.E.2d 573, ¶ 53.

{¶12} The parties herein entered into stipulations as to how the real property was to be distributed. The trial court was bound by these stipulations and abused its discretion in awarding two of the parcels to Appellee as a distributive award.

{¶13} This Court finds that the trial court was bound by the parties' Agreed Joint Stipulations and was without authority to award the real property located at 22929 Township Road 1193 and 0 Township Road 1193 to Appellee.

{¶14} In his second issue, Appellant argues that the trial court's finding of financial misconduct was against the manifest weight of the evidence. We disagree.

{¶15} Appellant purchased a Chevrolet truck and a Ford truck during the parties' marriage. *Trial Transcript*, p. 30. The trial court found the value of the Chevrolet truck was $30,000.00. *Judgment Entry/Decree of Divorce, Findings of Fact,* ¶ 17. Appellant transferred this truck to his brother for $1,000.00 on April 14, 2023. *Transcript*, p. 91. The trial court found that the value of the Ford truck was $6,500.00. *Judgment Entry*, *Findings of Fact,* ¶ 22. Appellant transferred the Ford truck to his brother for $1,000.00 on April 8, 2023. *Transcript*, p. 92. The trial court found that Appellant engaged in financial misconduct by transferring these vehicles to his brother contemporaneously with the filing of his divorce action. *Final Judgment*, Conclusions of Law, ¶ 5.

{¶16} Appellant cites *Lepsky v. Lepsky*, 2023-Ohio-1326, 169 Ohio St., 3d 1502, in support of his argument. This Court has reviewed *Lepsky* which states, "A trial court

has discretion in determining whether a spouse committed financial misconduct, subject to a review of whether the determination is against the manifest weight of the evidence." The court went on to say, "To find financial misconduct, a court must look to the reasons behind the questioned activity or the results of the activity and determine whether the wrongdoer profited from the activity or intentionally dissipated, destroyed, concealed, or fraudulently disposed of the other spouse's assets." *Id.* This Court's role is "to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment". *Ewing v. Ewing*, 2007-Ohio-7108 (5th Dist.).

{¶17} The trial court looked behind Appellant's reasons for the sales of the trucks and found that Appellant sold both vehicles to his brother for less money than their worth. *Judgment Entry, Conclusions of Law,* ¶ 5. The court also noted that one truck was sold two days prior to Appellant's filing of his Complaint and the other was sold after the Complaint had been filed. *Judgment Entry*, ¶¶ 18, 23. The court found that Appellee's marital portion of the 1968 Chevrolet is $15,000.00. *Judgment Entry, Conclusions of Law* ¶ 3. The trial court found that Appellee's martial share of the 1975 Ford is $3,250.00. *Id.*, ¶ 4.

{¶18} Upon a review of the record, we find there was competent, credible testimony to support the trial court's finding that Appellant committed financial misconduct. Appellant deprived Appellee of her share of marital assets worth $18,250.00. Appellant's second assignment of error is overruled.

{¶19} Appellant asserts in his third assignment of error that the trial court abused its discretion by awarding Appellee the properties located at 22929 Township Road 1193 and 0 Township Road 1193. We agree.

**{¶20}** The trial court found Appellant had committed financial misconduct and granted Appellee a distributive award of sole and exclusive ownership of 22929 Township Road 1193 and 0 Township Road 1193. *Judgment Entry*, ¶ 25.

**{¶21}** A "distributive award" means a payment in real or personal property made from the separate property of a spouse that is not a payment of spousal support. R.C. 3105.171(A)(1).

**{¶22}** R.C. 3105.171(E)(4) states, "If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, nondisclosure, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property." The statute clearly states that a trial court has the authority to grant an offended spouse a greater amount of marital property.

**{¶23}** This Court finds the trial court was correct in granting a distributive award to Appellee. However, as previously stated, the trial court was without authority to award the properties to Appellee as a means to effectuate this award.

**{¶24}** In his final assignment of error, Appellant argues that the trial court abused its discretion in awarding attorney fees to Appellee for Appellant's alleged refusal to resolve this case short of trial. We disagree.

**{¶25}** Appellant's brief misstates the reason the trial court awarded attorney fees to Appellee. The trial court did not award attorney fees to Appellee due to Appellant's failure to settle the case. The trial court awarded attorney fees to Appellee because it found that Appellant's position with respect to the parties' minor child during litigation was unreasonable, unnecessary, guided by Appellant's delay tactics, and not in the best

interest of the minor child. *Judgment Entry*, ¶ 8. The trial court found that Appellant engaged in behaviors which did not promote judicial economy. *Id.* Appellant reported to the guardian ad litem that his position on custody was directed by his counsel and not due to a genuine concern regarding the safety or wellbeing of the parties' minor child. *Trial Transcript*, p. 60. Appellant also stated to the guardian ad litem that he was "going along for the ride". The trial court found that Appellee was entitled to $4,000.00 in attorney fees. This Court finds that the award of attorney's fees to Appellee was supported by relevant, competent and credible evidence. Appellant's fourth assignment of error is overruled.

## CONCLUSION

{¶26} The decision of the trial court issued on August 15, 2024 is affirmed in part and reversed in part.

{¶27} This court also affirms the trial court's decision that Appellant engaged in financial misconduct and that Appellee is entitled to a distributive award. The Court further affirms the decision of the trial court to award Appellee attorney fees in the amount of $4,000.00.

{¶28} This Court finds that the trial court erred in awarding the properties located at 22929 Township Road 1193 and 0 Township Road 1193 to Appellee.

**{¶29}** This Court remands the case to the trial court on the sole issue of effectuating the payment of attorney fees and making a distributive award to Appellee that does not violate the Agreed Joint Stipulations approved and adopted by the trial court on May 16, 2024.

By: Montgomery, J.

Baldwin, P.J. and

Gormley, J. concur.